UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

**"IN ADMIRALTY"**

| | |
|---|---|
| MONJASA DMCC,<br><br>                                      Plaintiff,<br><br>-against-<br><br>M/V BF CALOOSA, her tackle, engines, etc. *in rem*,<br><br>                                      Defendant. | Case No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, MONJASA DMCC ("Plaintiff" or "Monjasa"), by and through its undersigned attorneys, complaining of the above-named defendant, alleges:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all material times, Plaintiff Monjasa was and now is a company organized and existing under the laws of the United Arab Emirates with an office and place of business at Jumeirah Lakes Towers, Silver Tower, 35th Floor, Dubai UAE.

3. Defendant M/V BF CALOOSA (the "Vessel") was and is an ocean-going cargo vessel (IMO No. 9347645), which is, upon information and belief, an Antigua and Barbuda-flagged vessel as indicated by the Equasis Vessel Summary attached to this Verified Complaint as Exhibit A and incorporated herein by reference.

4. At the time the debt was incurred, as described in greater detail below, the Vessel was chartered to or operated by Allied Sea Ship Charter L.L.C. ("Charterer"), which upon

information and belief is a company organized and existing under the laws of the United Arab Emirates.

## VENUE AND JURISDICTION

5.     The Court has *in rem* jurisdiction over the Vessel because it is currently within this jurisdiction or is expected to be in this district during the pendency of this action.

6.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## THE FACTS

8.     Plaintiff is an international supplier of fuel oil (also known as "bunkers") to ships and other vessels.

9.     On or about June 20, 2019 at the request of Charterer, Plaintiff sold and delivered to the Vessel 287.542 metric tons of IFO bunker fuel ("IFO Fuel") and 40.056 metric tons of MGO bunker fuel ("MGO Fuel") (collectively "the Fuel"), as set forth in the Monjasa Bunker Confirmation ("Bunker Confirmation") and delivery receipts, copies of which are attached to this Verified Complaint as Exhibits B and C, respectively and incorporated herein by reference.

10.    The Bunker Confirmation provided that the IFO Fuel was priced at $355 per metric ton, and the MGO Fuel was priced at $540 per metric ton. 287.542 metric tons of IFO Fuel at $355/metric ton equals $102,077.41; and 40.056 metric tons of MGO Fuel at $540/metric ton equals $21,630.24, for a total due to Monjasa of $123,707.65. This amount was reflected on Invoice No. AE55922 (the "Invoice"), which was issued to Charterer on June 25, 2019. The Invoice is attached to this Verified Complaint as Exhibit D, and is incorporated herein by reference.

11. As noted on the Bunker Confirmation and the Invoice, the parties agreed that payment was to be made within 30 days from the supply of the Fuel. The Bunker Confirmation also incorporated by reference Monjasa's Group Terms & Conditions Jan. 2016 ("Monjasa Terms"), which provide, in relevant part, that payment for fuel supplied by Monjasa to a vessel:

> 8.1 … [S]hall be made by the Buyer as per stated in the Bunker Confirmation, after the completion of delivery. In the event payment had been made in advance of delivery, same shall be adjusted on the basis of the actual quantities of Marine Fuels delivered and additional payment and/or refund shall be made within thirty (30) Days after the completion of delivery. …
>
> 8.2 Payment shall be made in full, without set-off, counterclaim, deduction and/or discount, free of bank charges.
>
> \* \* \*
>
> 8.5 Any delay in payment … shall entitle [Monjasa] to interest at the rate of two (2) per cent per Month or any part thereof. …
>
> \* \* \*
>
> 8.8 In the event of non-payment, [Monjasa] reserve[s] the right to pursue all legal remedies available to recover the amount owed. [Monjasa] shall have a maritime lien on the vessel identified by its IMO number until payment and interest has been received by [Monjasa]. [Monjasa] shall not be bound by any attempt by any person to restrict, limit or prohibit its liens attached to the Vessel. 'No-Lien' stamps or remarks in any form or wording on the Delivery Receipt(s) or in any document, letters or e-mails received from owners shall be invalid and of no effect, and shall in no way impair [Monjasa's] lien or discharge the Vessel's responsibility for debts under this Contract.

The Monjasa Terms are attached to this Verified Complaint as Exhibit E and incorporated herein by reference.

12. Charterer did not make timely payment for the Fuel.

13. Charterer has made no payment to Monjasa for the Fuel, and the principal sum is still owed to Monjasa. As set forth above, the Monjasa Terms provide that interest will accrue on

146340.00605/122060936v.2
146340.00605/122095507v.1

all unpaid balances at the rate of 2% per month, with interest calculated for each overdue day. The total amount due, inclusive of interest as of October 7, 2019, is $130,222.92 ($123,707.65 in principal and $6,515.27 in interest) as calculated in the Balance Due Statement, Exhibit F, attached to this Verified Complaint and incorporated herein by reference.

14. The Monjasa Terms provide, at Clause 20.1, that the supply of the Fuel "shall be governed by and construed in accordance with the Maritime Law of the United States, Title 9 of the United States Code, and the Uniform Commercial Code as applied in New York."

15. By virtue of Plaintiff's furnishing of "necessaries" to the Vessel within the meaning of the Federal Maritime Lien Act, 46 U.S.C. § 31342 et seq., on the order of the Charterer, Plaintiff has a maritime lien *in rem* against the Vessel for the full amount of its claim.

16. Under the federal maritime law, Supplemental Rule C, and the Local Admiralty Rules Plaintiff is entitled to arrest the Vessel to enforce its maritime lien.

**WHEREFORE**, Plaintiff prays:

A.   That Plaintiff have judgment in the amount of **$130,222.92**, representing the total principal owed and the accrued interest through October 7, 2019, together with interest continuing to accrue at the rate of 2% per month until the amount owing is paid in full, and together with Plaintiff's costs and disbursements incurred herein, including costs of *custodia legis*; and

B.   That process *in rem*, the Verified Complaint and Warrant for Arrest, pursuant to Supplemental Rule C and Local Admiralty Rule C be issued against Defendant M/V BF CALOOSA, her tackle, engines, etc., and served upon the Master or other ranking officer or caretaker of the Vessel, placing the Vessel under the arrest, custody and control of the Marshal of this district;

C. That the Defendant M/V BF CALOOSA, her tackle, engines, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the judgment entered herein, including interest then accrued and all costs and disbursements due Plaintiff herein, including costs of *custodia legis*;

D. That Plaintiff may have such other and further relief as the Court deems just and proper.

DATED this 17th day of October, 2019.

Respectfully submitted,

/s/ James N. Hurley
James N. Hurley
Fla. Bar No. 354104
Email: jhurley@fowler-white.com

Christine M. Walker
Fla. Bar No. 98166
Email: cwalker@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201
*Attorneys for Plaintiff MONJASA DMCC*

## **VERIFICATION**

I, James N. Hurley, Esq., state as follows:

1. I have been admitted to practice as an attorney in the state of Florida and am a shareholder in the firm of Fowler White Burnett, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by counsel and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction, and the circumstances of needing an immediate arrest of the Vessel before it leaves this jurisdiction make obtaining a Verification directly from Plaintiff impractical.

4. The sources of my information and belief as to the truth of the allegations of this Verified Complaint are documents attached to this Verified Complaint as Exhibits and communications from representatives of Plaintiff.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.